*190 ON APPLICATION FOR REHEARING
MICHAEL E. KIRBY, Judge.
| iWe grant the application for rehearing of plaintiff-appellant, Celia Lauve, for the sole purpose of revising our calculations of Dr. Lauve’s monthly child support obligation. Our prior opinion affirmed the trial court’s reduction of Dr. Lauve’s monthly child support obligation. Ms. Lauve argues that the trial court erred in failing to add to the basic child support obligation, health insurance premiums in the amount of $169.00 per month, extraordinary medical expenses in the amount of $769.00 per month, and private school expenses in the amount of $759.00 per month. We agree.
The statutory guidelines for calculating child support are set forth in La. R.S. 9:315 to 9:315.20. Pursuant to these guidelines, the following expenses incurred on behalf of the child may be added to the basic child support obligation:
1. Health insurance premiums. La. R.S. 9:315.4;
2. Extraordinary medical expenses. La. R.S. 9:315.5; and
3. Private school expenses. La. R.S. 9:315.6.
In the present case, the record reflects that the additional expenses incurred on behalf of the Lauve children were not in dispute. Accordingly, we find that the 12trial court erred in failing to include the above listed expenses in calculating Dr. Lauve’s total child support obligation.
The parties stipulated that Dr. Lauve’s 2006 annual income was $141,897.00, and Ms. Lauve’s 2006 annual income was $58,000.00. This gives Dr. Lauve a gross monthly income of $11,824.75, and Ms. Lauve a gross monthly income of $4,833.33. Taken together, the parties’ monthly adjusted gross income is $16,658.08. Dr. Lauve’s proportionate share is seventy-one percent (71%), and Ms. Lauve’s proportionate share is twenty-nine percent (29%). Pursuant to the schedule for support set forth in La. R.S. 9:315.19, the basic child support obligation for two children is $2,297.00.
Adding health insurance premiums of $169.00, extraordinary medical expenses of $769.00, and private school expenses of $759.00 to the basic child support obligation of $2,297.00, yields a total monthly child support obligation of $3,994.00. Dr. Lauve’s seventy-one percent share of the total monthly child support obligation is $2,835.74.
For the aforementioned reasons, we grant the application for rehearing and amend the trial court judgment to set Dr. Lauve’s monthly child support obligation at $2,835.74. In all other respects, the trial court judgment is affirmed.
REHEARING APPLICATION GRANTED; JUDGMENT AMENDED, AND AS AMENDED.
ARMSTRONG, C.J., respectfully concurs with reasons.
|H agree with the majority opinion’s result, and write separately to address the Motion to Dismiss filed by the defendant-appellee. Having considered the matter, I would deny the motion.